IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00240-MR

| | |
|---|---|
| DENNIS HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is a Letter that was docketed as a Motion Requesting Service by the United States Marshals Service [Doc. 2] and a Motion to Appoint Counsel [Doc. 3]. Plaintiff has paid the filing fee in full.

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Marion Correctional Institution. Plaintiff names as Defendants: Todd E. Ishee, the North Carolina Department of Public Safety (NCDPS) director of prisons; Robert T. Baker, a Disciplinary Hearing Officer (DHO); FNU Thomas, a sergeant at Marion C.I.; and FNU Newton and FNU Mitchell, correctional officers at Marion C.I. [Doc. 1 at 2].

Plaintiff alleges that, on May 22, 2020, Defendant Newton shut Plaintiff's cell door in a manner that is in violation of prison policy, causing it to strike Plaintiff. [Id. at 3]. Plaintiff appears to allege that Defendant Newton filed a false report as a result of this incident and that Plaintiff was denied due process in the ensuing disciplinary proceedings. Plaintiff alleges that he lost privileges and gain time.[1] [Id.].

Plaintiff alleges that Defendant Thomas, the investigating officer,[2] denied him due process in the disciplinary proceedings. Although Defendant Thomas verbally informed Plaintiff of his right to present documentary evidence, Plaintiff alleges that the corresponding form did not contain any space for Plaintiff to request access to documentary evidence. [Id. at 5]. Plaintiff further alleges that Defendant Ishee violated Plaintiff's due process rights by enforcing the policies and procedures regarding the form that fails to provide space to request documentary evidence. [Id. at 3]. Plaintiff appears to suggest that he was denied the opportunity to present video evidence at his disciplinary hearing. Plaintiff further alleges that Defendant Barker willfully and maliciously denied Plaintiff's due process rights and

---

[1] It is unclear whether Plaintiff is alleging that he lost gain time and privileges as a result of one or both of these disciplinary actions.

[2] Plaintiff does not state whether Defendant Thomas investigated one or both of the disciplinary infractions.

2

subjected him to cruel and unusual punishment by taking away his good time credit without due process. [Id.].

Plaintiff alleges that previously Defendant Mitchell had knowingly filed a false incident report against him on May 4, 2020, even though Plaintiff makes no allegation as to what was stated therein or what was allegedly false. [Id. at 5]. Plaintiff alleges that he was not granted due process in some disciplinary action and that he filed a grievance addressing the matter on May 20, 2020. [Id.]. Allowing Plaintiff the benefit of a very generous inference, this action and grievance pertain to the May 4, 2020 allegations.

Plaintiff seeks injunctive relief; the removal of the infraction from his record;[3] the return of $10 to his inmate trust account; the restoration of all privileges and gain time; compensatory and punitive damages; a jury trial; and any additional relief the Court deems just, proper, and equitable.

## II. STANDARD OF REVIEW

Even though Plaintiff paid the full filing fee, the Complaint is nonetheless subject to dismissal if it "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[3] Plaintiff does not specify whether he is seeking relief with respect to only one or both of the disciplinary charges.

In its frivolity review, the Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Plaintiff claims that Defendants Mitchell and Newton filed false disciplinary charges against him and that Defendants Barker, Thomas, and Ishee used and enforced a disciplinary policy that deprived Plaintiff of the opportunity to present evidence in defense of those charges. The natural inference is that Plaintiff was convicted of these disciplinary offenses about which he complains in order to have received punishment. Plaintiff's claims

are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, Plaintiff alleges that Defendants lodged false disciplinary charges against him and denied him the opportunity to present evidence opposing those charges. For these violations, he seeks various relief, including the restoration of gain time. Thus, prevailing on these claims would

5

necessarily imply the invalidity of the resulting disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings). Plaintiff, however, has not alleged that the disciplinary convictions have been reversed or otherwise invalidated. Therefore, Plaintiff's claims are therefore barred by Heck, and they are therefore subject to dismissal.

Moreover, Plaintiff provides no allegations regarding the incident report or how it was false. Plaintiff's allegations are entirely conclusory. Plaintiff sets forth no underlying facts from which the Court could discern whether Plaintiff's assertions are plausible. For this reason also Plaintiff's claim regarding the May 4, 2020 incident report is subject to dismissal.

Plaintiff alleges that Defendants violated various prison policies regarding the May 4, 2020 incident report and his May 22, 2020 grievance. Such a claim fails to rise to the level of a § 1983 absent an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

Therefore, to the extent that Plaintiff seeks relief for the Defendants' alleged violations of prison policy, standing alone, such claims are subject to dismissal.

Plaintiff has filed a Letter, docketed as a Motion, in which he asks the Court to order service by the U.S. Marshals Service. Plaintiff's request will be denied as moot because the Complaint has not passed initial review.

Plaintiff has also filed a Motion seeking the appointment of counsel. He alleges that: he cannot afford to hire a lawyer; his imprisonment will limit his ability to litigate this case; this matter will involve substantial investigation and discovery; Marion C.I. lacks a law library; the issues in the case are complex and a lawyer would help Plaintiff apply the law and present his case to the Court; a trial will likely involve conflicting testimony, which a lawyer would be better able to present; Plaintiff is a layman with a limited high school education and some learning disabilities; and Plaintiff has made repeated unsuccessful efforts to obtain a lawyer.

As a preliminary matter, Plaintiff's Motion is unsigned and it is subject to denial on that basis alone. Fed. R. Civ. P. 11(a). He has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (requiring a plaintiff must present "exceptional circumstances" for

the court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel). Therefore, Plaintiff's request for the appointment of counsel will be denied.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that <u>Heck</u> does not apply and to otherwise properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff. Plaintiff's pending motions are denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's Letter [Doc. 2] is construed as a Motion Requesting Service by the United States Marshals Service and is **DENIED**, and Plaintiff's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 23, 2020

Martin Reidinger
Chief United States District Judge