# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00240-MR

| | |
|---|---|
| DENNIS HAMILTON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TODD ISHEE, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 6]. The Plaintiff has paid the filing fee in full.

## I. BACKGROUND

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Marion Correctional Institution.[1] The Complaint was dismissed on initial review as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and for failure to state a claim upon which relief can be granted. [Doc. 5]. The Plaintiff was granted the opportunity to amend and to explain why Heck does not bar his

---

[1] Plaintiff is now incarcerated at the Bertie Correctional Institution.

claims and otherwise state a sufficient claim for relief. [Id.]. The Amended Complaint is now before the Court for initial review.

In the Amended Complaint, the Plaintiff names as Defendants: Todd E. Ishee, the North Carolina Department of Public Safety (NCDPS) Commissioner of Prisons;[2] Robert T. Barker, a Disciplinary Hearing Officer (DHO); FNU Thomas, a sergeant at Marion C.I.; and FNU Newton and FNU Mitchell, correctional officers at Marion C.I. The Plaintiff asserts Eighth and Fourteenth Amendment claims against the Defendants in their official and individual capacities.

The Plaintiff largely reiterates the claims in his original Complaint, *i.e.*, that Defendants Mitchell and Newton filed false incident reports against the Plaintiff on May 4 and 22, 2020, respectively; that Defendant Thomas investigated these incidents even though he was the sergeant on duty at the relevant time; that Defendant Barker served as DHO for both incidents; and that Defendant Ishee is the "gate keeper" of the rules and regulations to protect inmate from wrongful disciplinary charges. [Doc. 6 at 15]. The Plaintiff further alleges that Defendant Thomas never read him his rights and did not give him the opportunity to write a statement in his defense or request video footage of the May 22 incident. [Id. at 18]. The Plaintiff also alleges

---

[2] Plaintiff refers to Defendant Ishee as the "(NCDPS) Director." [Doc. 6 at 2].

that Defendant Barker "willfully and with malicious intent" denied the Plaintiff access to the video footage and concluded, without reviewing it, that it was cumulative. [Id. at 19]. The Plaintiff alleges that Defendant Ishee "is in fact responsible for enforcing Policy and Procedure that does not contain any corresponding space for the Plaintiff to request or decline access to Documentary Evidence as it does with witness request." [Id.] (internal quotation marks omitted). The Plaintiff claims that exculpatory evidence for both incidents "will excavate the truth" and verify that the incident reports filed by Defendants Newton and Mitchell are "false." [Id. at 5, 17].

As his alleged injury, the Plaintiff claims that he lost "gain time," privileges, and $20 from his inmate trust account as a result of his disciplinary charges. [Id. at 5]. He seeks to have the infractions stricken from his prison record, the restoration of all privileges and gain time, compensatory and punitive damages, a jury trial, and any additional relief that the Court deems just, proper, and equitable. [Id. at 5, 20].

## II. STANDARD OF REVIEW

Even though the Plaintiff has paid the full filing fee, the Amended Complaint is nonetheless subject to dismissal if it "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary

3

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a complaint must allege more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient . . . ." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

In conducting a frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint

4

which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Official Capacity Claims

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19cv794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, the Plaintiff's claims against the Defendants in their official capacities do not survive initial review and are dismissed.

### B. Individual Capacity Claims

In his Amended Complaint, the Plaintiff renews his allegations that Defendants Mitchell and Newton filed false disciplinary charges against him; that Defendant Thomas did not inform him of his rights, or allow him to write a statement and request video evidence; and that Defendant Barker did not allow him to access the video footage and failed to view the footage himself. The Plaintiff further claims that exculpatory evidence exists that would show that the disciplinary charges are false, and he seeks damages and the restoration of gain time and privileges that he lost as a result of those infractions.

As the Court explained in its Order on initial review of the original Complaint [Doc. 5], these claims appear to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because success on the merit of these claims would necessarily imply the invalidity of his disciplinary convictions. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997) (extending the <u>Heck</u> rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits). The Plaintiff does not allege that the disciplinary convictions terminated in his favor, or otherwise explain why <u>Heck</u> does not bar his claims. Therefore, the Court concludes that these claims are barred by <u>Heck</u> and must be dismissed.

Further, the Plaintiff's allegations that the Defendants' investigation of the incidents and conduct of the disciplinary proceedings violated prison policies do not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Therefore, the Plaintiff's claims for relief for the Defendants' alleged violations of prison policy, standing alone, are also dismissed.

### C. Supervisory Claim

To the extent that the Plaintiff seeks to assert a *respondeat superior* claim against Defendant Ishee as NCDPS Commissioner of Prisons, that claim fails. A supervisor may not be held liable based upon a theory of *respondeat superior* under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). To the extent that the Plaintiff attempts to assert a supervisory claim against Defendant Ishee, that claim also must fail, as no § 1983 claim against any of the individual officers has passed initial review. See generally City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that

7

the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). Accordingly, the Plaintiff's claims against Defendant Ishee are dismissed.

## IV. CONCLUSION

In summary, the Plaintiff has asserted meritless legal theories against the Defendants and has failed to state a claim upon which relief can be granted against any Defendant. Accordingly, this action shall be dismissed pursuant to 28 U.S.C. § 1915A.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;

(2) The Plaintiff's claims against Defendants Barker, Mitchell, and Newton in their individual capacities are **DISMISSED WITHOUT PREJUDICE**; and

(3) The Plaintiff's claims against Defendant Ishee are **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 30, 2021

Martin Reidinger
Chief United States District Judge